| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL IX | | |
|---|---|---|
| MUNICIPIO AUTÓNOMO DE SALINAS<br><br>PETICIONARIO<br><br>V.<br><br>MIGUEL RIVERA DÍAZ, ARACELIS DÍAZ MELÉNDEZ Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>RECURRIDOS | TA2026CE00584 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Civil Núm.: GM2026CE00344<br><br>Sobre:<br>Ley para la Reforma del Proceso de Permisos  (Ley Núm. 161-2009) |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz, y la juez Aldebol Mora

**Brignoni Mártir, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 10 de junio de 2026.

Comparece ante nos, el Municipio Autónomo de Salinas (en adelante, "Municipio de Salinas"). Solicita nuestra intervención para que dejemos sin efecto la *"Resolución"* emitida el 23 de abril de 2026 y notificada el 28 de abril de 2026, por el Tribunal de Primera Instancia, Sala Superior de Guayama. Mediante esta, el foro primario declaró *No Ha Lugar* la solicitud de *injunction* presentada por el Municipio de Salinas, dentro de una causa de acción sobre interdicto estatutario entablada en contra de Miguel A. Rivera Díaz; Aracelis Días Meléndez; y la Sociedad Legal de Bienes Gananciales compuesta por ambos (en lo sucesivo, en conjunto, "los recurridos").

Por los fundamentos que expondremos a continuación, *expedimos* el presente auto de *certiorari* y con ello *revocamos* la determinación recurrida.

**I.**

El trámite procesal de la controversia ante nuestra consideración no es extenso. En esencia, el 21 de abril de 2026, el Municipio de Salinas presentó la *"Demanda"* de epígrafe. Mediante esta, solicitó la expedición de un *injunction* al amparo del Artículo 14.1 de la Ley para la Reforma del Proceso de Permisos de Puerto Rico, Ley Núm. 161-2009, según enmendada, 23 LPRA sec. 9024. Fundamentó su solicitud bajo el argumento de que los recurridos iniciaron, en un predio de terreno ubicado en el Municipio de Salinas, una obra de construcción sin haber obtenido los permisos correspondientes.

Sobre los alegados hechos, relató que la Oficina Regional de Permisos realizó una inspección en la que observó una construcción residencial en la entrada del Barrio Las Mareas. Indicó, que al momento de dicha inspección los recurridos no contaban con los permisos correspondientes de la Oficina de Gerencia de Permisos (OGPe) ni del Consorcio (CCVS). Así pues, sostuvo que se procedió a orientar a los recurridos sobre el particular y a colocar letreros de "Cese y Desista" desde la fecha de 20 de marzo de 2025. Según adujo, a pesar de lo anterior, los recurridos continuaron desarrollando ilegítimamente las obras de construcción. Ante tales hechos, entre otras cosas, peticionó que se ordene la paralización de la obra y la demolición de lo construido ilegalmente.

Acto seguido, el 28 de abril de 2026, el tribunal de instancia notificó la *"Resolución"* que hoy nos ocupa. Mediante esta, declaró *No Ha Lugar* el denominado *injunction* preliminar. En consecuencia, ordenó la expedición de emplazamientos.

A los dos días siguientes, el Municipio de Salinas presentó *"Solicitud de Reconsideración."* Expuso, que el foro de origen debía reconsiderar su decisión dado que este caso no trata sobre un *injunction* ordinario sino sobre un procedimiento de interdicto expedito, según estatuido en la Ley Núm. 161-2009, *supra*. Además, razonó que el

Artículo 14.1 de la precita Ley requiere que el tribunal de instancia celebre una vista dentro de un término no mayor de diez (10) días desde la presentación del recurso. Entiende que la referida vista no es un asunto discrecional y debe de celebrarse antes de que sea adjudicada la petición de *injunction.*

El 8 de mayo de 2026, el foro recurrido notificó que declaró *No Ha Lugar* la *"Solicitud de Reconsideración."* Además, concluyó lo siguiente: "Nótese que el municipio ha tolerado las acciones del demandado por más de un año."

En desacuerdo, el 11 de mayo de 2026, el Municipio de Salinas presentó ante este Tribunal un recurso de *certiorari.* A través de este, esbozó los siguientes señalamientos de error:

> Erró el Tribunal de Primera Instancia al declarar No Ha Lugar al injunction preliminar sin celebrar la vista estatutaria requerida por el artículo 14.1 de la ley núm. 161 2009, a pesar de que dicho artículo establece un procedimiento especial, sumario y expedito para la paralización de obras iniciadas o continuadas sin los permisos y autorizaciones correspondientes.

> Erró el Tribunal de Primera Instancia al ordenar la expedición de emplazamientos y canalizar el caso como un procedimiento ordinario, en contravención del marco procesal del injunction estatutario contemplado en el artículo 14.1 de la ley núm. 161-2009.

> Erró el Tribunal de Primera Instancia al denegar la Reconsideración fundamentándose en que el municipio "ha tolerado las acciones del demandado por más de un año", introduciendo una consideración ajena al marco limitado del artículo 14.1 de la ley núm. 161-2009. v. discusión de los errores señalados.

El 20 de mayo de 2026, este Tribunal notificó una *"Resolución"* mediante la cual le concedimos a los recurridos un término de diez (10) días para mostrar causa por la cual no debamos expedir el recurso discrecional presentado por el Municipio de Salinas.

**II.**

**A.    Recurso de Certiorari:**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Alio v. Santiago Chardón y otros*, 2026 TSPR 113; *Rivera et al v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023);

*Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Íd.* Ahora bien, el ejercicio de esta discreción no es absoluto. Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 62-63, 215 DPR ___ (2025), delimita los criterios para la expedición de un auto de *certiorari.* Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera et al v. Arcos Dorados et al*, supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023); *Rivera et al v. Arcos Dorados et al*, supra; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, *supra*, dispone los siguientes criterios:

**A.**   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

**B.**   Si la situación de hechos planteada es la más indicada para el análisis del problema.

**C.** Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

**D.** Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

**E.** Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

**F.** Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

**G.** Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto." *Citibank v. ACBI*, 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani Rodríguez v. Garage Isla Verde*, LLC, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Íd; Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos del caso hace un análisis liviano y la determinación resulta irrazonable. *íd.* pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de *certiorari* y ejercer nuestra función revisora.

**B.    Injunction:**

"El *injunction* es un mandamiento judicial en virtud del cual se requiere que una persona se abstenga de hacer, o de permitir que se haga, determinada cosa que infrinja o perjudique el derecho de otra". *Buxó Santiago v. Oficina de Ética Gubernamental*, 2024 TSPR 130. En nuestro ordenamiento jurídico existen diferentes tipos de injunction que los podemos clasificar en los siguientes: el *injunction preliminar;* el *injunction permanente;* y el *injunction estatutario.* Los dos primeros forman parte del *injunction tradicional* regulado por la Regla 57 de Procedimiento Civil, 32 LPRA Ap. V, R. 57.1 – 57.8. Mientras que, el *injunction estatutario* es un recurso extraordinario cuya tramitación depende de las disposiciones del estatuto que corresponda. 32 LPRA Ap. V, R. 53. A este tipo de *injunction* le serán de aplicación las Reglas de Procedimiento Civil únicamente de forma supletoria en todo aquello que no resulte incompatible con el estatuto que gobierna su existencia y aplicabilidad. *Id; Díaz Vázquez et al. v. Colón Peña et al.*, 214 DPR 1135, 1146 (2024).

El propósito fundamental del *injunction preliminar* es mantener el *status* quo hasta que se celebre el juicio en sus méritos, para así evitar que la sentencia final se torne académica e impedir la ocurrencia de daños mayores. *Misión Ind. PR. v. J.P. y A.A.A.,* 142 DPR 656, 683 (1997). Los criterios requeridos para la procedencia de un *injunction preliminar* son los siguientes: (a) La naturaleza del daño a que está expuesto la parte peticionaria; (b) la irreparabilidad del daño o la inexistencia de un remedio adecuado en ley; (c) la probabilidad de que la parte promovente prevalezca; (d) la probabilidad de que la causa se torne en académica; (e) el impacto sobre el interés público del remedio que se solicita, y (f) la diligencia y la buena fe con que ha obrado la parte peticionaria. 32 LPRA Ap. V, R. 57.3; *Misión Ind. PR. V. J.P. y A.A.A.,* supra, pág. 679-680.

Por su parte, procede la concesión de un *injunction permanente* si la parte que lo solicita demuestra que no tiene ningún otro remedio en ley

para evitar un daño. *Senado de PR v. ELA,* 203 DPR 62, 72 (2019). Los requisitos que viabilizan la procedencia de un *injunction permanente* son: (a) si el demandante ha prevalecido en un juicio en sus méritos; (b) si el demandante posee algún remedio adecuado en ley; (c) el interés público implicado, y (d) el balance de equidades. 32 LPRA Ap. V, R. 57.5.

En los casos del *injunction estatutario* su alcance dependerá del procedimiento especial dispuesto en el estatuto de que se trate. Véase, *Díaz Vázquez et al. v. Colón Peña et al.*, supra, pág. 1146. En lo aquí concerniente, debemos necesariamente remitirnos al Artículo 14.1 de la Ley Núm. 161-2009, *supra*. Este lee en lo pertinente como sigue:

> La Junta de Planificación, un Municipio Autónomo con Jerarquía de la I a la III, o una Entidad Gubernamental Concernida que haya determinado que sus leyes y reglamentos han sido violados podrá presentar una acción de injunction, mandamus, sentencia declaratoria, o cualquier otra acción adecuada para solicitar: 1) la revocación de una determinación final otorgada, cuya solicitud se haya hecho utilizando información incorrecta o falsa con la intención de inducir a error al ente que emite el permiso, y que en cualquiera de los casos, ya sea por la información incorrecta o falsa, de haberse considerado todos los factores reales, no lo hubiera aprobado; 2) la paralización de una obra iniciada sin contar con las autorizaciones y permisos correspondientes, o incumpliendo con las disposiciones y condiciones del permiso otorgado; 3) la paralización de un uso no autorizado o de una construcción autorizada mediante permiso, para la cual no se hayan realizado los pagos correspondientes a aranceles, pólizas, arbitrios y sellos; 4) la demolición de obras construidas, que al momento de la presentación del recurso y al momento de adjudicar el mismo no cuenten con permiso de construcción, ya sea porque nunca se obtuvo o porque el mismo ha sido revocado. Cualquier persona privada, natural o jurídica, podrá presentar una acción de injunction, mandamus, sentencia declaratoria, o cualquier otra acción adecuada para solicitar los remedios aquí dispuestos, siempre que alegue de manera específica que posee un interés propietario o personal sujeto a un daño inminente, que dicho daño puede vincularse razonablemente a la conducta de la parte promovida y que el daño sufrido en el interés propietario o personal es susceptible de reparación mediante el remedio solicitado.[1]

[…]

---

[1] Es preciso señalar, que el precitado Artículo 14.1, *supra*, fue enmendado por la Ley Núm. 82-2026. Esto, a los fines de clarificar que la persona natural o jurídica o la entidad que pretenda presentar un reclamo al amparo del referido Artículo deberá, para tener legitimación activa estatutaria, alegar específicamente que tiene un interés propietario o personal sujeto a un daño inminente; que el daño está vinculado a la conducta del demandado; y que sufre un perjuicio susceptible de reparación mediante el remedio solicitado. Además, "[e]s importante destacar que esta enmienda no tiene la intención de socavar la capacidad que actualmente posee la Junta de Planificación/ un Municipio Autónomo con Jerarquía de la I a la III o alguna entidad gubernamental concernida para presentar el recurso extraordinario cuando haya determinado que sus leyes y reglamentos han sido violados. Esta enmienda aplica únicamente cuando la parte promovente sea una persona natural o privada." Véase, la Exposición de Motivos de la Ley Núm. 82-2026.

> El Tribunal de Primera Instancia deberá celebrar vista dentro de un término no mayor de diez (10) días naturales desde la presentación del recurso y deberá dictar sentencia en un término no mayor de veinte (20) días naturales desde la celebración de la vista. 23 LPRA sec. 9024.

El aludido Artículo 14.1, *supra,* instaura un procedimiento especial que se caracteriza por ser "un mecanismo estatutario, independiente, sumario y limitado." *Díaz Vázquez et al. v. Colón Peña et al.*, supra, pág. 1146. A palabras expresas de nuestro más Alto Foro:

> [l]as órdenes de paralización emitidas al amparo del procedimiento especial constituyen un remedio con cierta afinidad a los *injunctions* preliminares. Sin embargo, no gozan de la finalidad que caracteriza a los *injunctions* permanentes. Las órdenes de paralización emitidas al amparo del procedimiento especial son un remedio estatutario e independiente del *injunction* tradicional. *Id,* pág. 1147.

Es meritorio destacar, que los requisitos del *injunction tradicional* son más rigurosos que los requisitos exigidos al *injunction estatutario. Id.* En vista de ello, la concesión de un *injunction estatutario* requiere un trato especial orientado en un escrutinio judicial más acotado. *Next Step Medical v. Bromedicon et al.*, 190 DPR 474, 497 (2014). Así pues, en el estatuto concerniente, las paralizaciones, demoliciones y revocaciones contempladas en el Artículo 14. 1, *supra*, no se deben de regir por los criterios estrictos dispuestos en la Regla 57 de Procedimiento Civil, *supra*, ni se les deben aplicar las defensas tradicionales de la equidad. *Díaz Vázquez et al. v. Colón Peña et al.*, supra, pág. 1147-1148. Por consiguiente, lo determinante para este y el resto de los injunction estatutarios es si la situación en cuestión está o no cobijada por dicho estatuto. *Id.*

### III.

Según se desprende del tracto procesal que antecede, el Municipio de Salinas recurre de una resolución interlocutoria a través de la cual el foro primario denegó su petición de *injunction estatutario*. Tras examinar el derecho aplicable y la documentación que obra en el expediente ante nos, determinamos, a tenor de la Regla 52.1 de Procedimiento Civil, *supra*, ejercer nuestra función revisora y expedir el auto de *certiorari* de epígrafe. Decidimos intervenir en esta etapa de los procesos puesto que

el no hacerlo conllevaría un fracaso irremediable de la justicia y con ello el menoscabo del proceso sumario establecido en el Artículo 14.1 de la Ley Núm. 161-2009, *supra*.

En su argumentación, el Municipio de Salinas razona que la determinación recurrida tuvo el efecto de sustituir por un trámite ordinario el procedimiento especial contemplado en el precitado Artículo 14.1, *supra*. Así pues, nos solicita que revoquemos el dictamen objeto de revisión y consecuentemente le ordenemos al foro primario que continúe los procedimientos judiciales de conformidad al referido Artículo 14.1 de la Ley Núm. 161-2009, *supra*.

Ante ello, el foro recurrido no debía tratar el *injunction* que hoy nos ocupa como un interdicto tradicional o como un procedimiento ordinario. La razón de ello estriba, en que la Ley que viabiliza el presente *injunction* contiene un trámite procesal expreso por el que se deben regir los tribunales para auscultar su procedencia. Además del elemento procesal, cabe señalar, que el escrutinio judicial que se debe utilizar para el examen de procedencia de un interdicto estatutario debe ser menos riguroso que el utilizado para evaluar la procedencia de los interdictos tradicionales. A su vez, como norma general, los requisitos aplicables a un *injunction estatutario* se limitan a los criterios establecidos en la Ley que regula el interdicto concerniente. Siendo así, a este tipo de *injunction* no le son de aplicabilidad las defensas tradicionales de la equidad.

En vista de todas las anteriores consideraciones, concluimos que incidió el foro primario al no aplicar el procedimiento sumario especial dispuesto en el Artículo 14.1 de la Ley Núm. 161-2009, *supra*. Por consiguiente, se ordena al tribunal de instancia cumplir con el trámite procesal de evaluación de *interdicto estatuario* dispuesto en la precitada Ley.

En cuanto a la *"Moción Informativa Aclarando Particulares,"* presentada por el Municipio de Salinas, este Tribunal determinar nada que proveer.

**IV.**

Por los fundamentos que anteceden, al amparo de la Regla 52.1 de Procedimiento Civil, *supra*, y de la Regla 40 del Tribunal de Apelaciones, *supra*, *expedimos* el auto de *certiorari* presentado y con ello *revocamos* la determinación recurrida. En consecuencia, ordenamos al foro primario que continúe los procedimientos de este *injunction* estatutario de conformidad al trámite procesal dispuesto en el Artículo 14.1 de la Ley Núm. 161-2009, *supra.*

**Notifíquese.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones